# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARL JAVAN ROSS, | * |
| Petitioner, | * |
| v. | *     Civil Action No. JKB-18-3881 |
| WARDEN RICKY W. FOXWELL and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | *    * |
| Respondents. | * |

***

## **MEMORANDUM OPINION**

The above-entitled Petition for Writ of Habeas Corpus was filed on December 14, 2018. ECF No. 1. Petitioner Carl Javan Ross challenges his 2017 convictions for child sexual abuse and related offenses in the Circuit Court for Baltimore County, Maryland. *Id.* On March 8, 2019, Respondents filed a Limited Answer to the Petition, contending that Ross's Petition is subject to dismissal because he has exhausted only one of his four claims. ECF No. 6. On April 3, 2019, the Court received correspondence from Ross arguing that his claims have been exhausted because he has "at least filed an appeal and a writ of certiorari for the supreme court." ECF No. 10. For the reasons that follow, Ross's Petition shall be dismissed without prejudice and his Motion for Grant of Relief (ECF No. 8) shall be denied.

## **Background**

Ross was charged in a ten-count indictment in the Circuit Court for Baltimore County on August 17, 2015. ECF No. 6-1 at 9. On September 20, 2016, he was convicted of child sexual abuse, second-degree sexual offense, third-degree sexual offense, fourth-degree sexual offense, and second-degree assault. *Id.* at 7-9, 11. On February 16, 2017, Ross was sentenced to concurrent sentences of imprisonment for twenty years with all but ten years suspended. *Id.*

On March 16, 2017, Ross noted an appeal to the Court of Special Appeals of Maryland, which affirmed his convictions on December 11, 2017.[1] *Id.* at 11, 67-69. The Court rejected Ross's sole appellate claim, which was that the evidence had been legally insufficient to convict him. *Id.* at 68-69. Ross then filed a petition for certiorari to the Court of Appeals of Maryland, which denied his petition on March 23, 2018. *Id.* at 70-73. On May 18, 2018, Ross also filed a petition for certiorari to the Supreme Court of the United States, which was denied on October 29, 2018. *Id.* at 74-89.

Ross filed the current habeas petition in this Court on December 14, 2018. ECF No. 1.

## Discussion

In his Petition, Ross claims that: (1) he was denied a constitutionally speedy trial; (2) the evidence was legally insufficient to convict him; (3) the trial judge erred in applying the standard of proof; and (4) the trial was "procedurally unreasonable" due to various actions of the trial prosecutor. ECF No. 1.

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 that challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Under § 2254, "each ground for relief [is] an independent claim," and all claims in a petition must be exhausted. *Samples v. Ballard*, 860 F.3d 266, 274 (4th Cir. 2017). As this Court previously informed Ross, the exhaustion requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider it. *See* ECF No. 7. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

---

[1] While his appeal was pending, on May 6, 2017, Ross filed in the state circuit court a Motion to Modify or Revise Sentence, which was denied on May 27, 2017. ECF No. 6-1 at 11-12, 15-17.

Here, Ross has exhausted only his second claim, asserting evidentiary insufficiency, which he litigated on direct appeal in the Maryland Court of Special Appeals and through certiorari petitions to the Maryland Court of Appeals and the Supreme Court. As Respondents correctly note, Ross has not exhausted any of his other three claims in any state-court proceeding. In other words, Ross has not presented his assertions of lack of a speedy trial, judicial error, and prosecutorial misconduct in a state post-conviction petition filed pursuant to the Maryland Uniform Postconviction Procedure Act ("UPPA"), codified at Md. Code Ann., Crim. Proc. §§ 7-101, *et seq.*

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the circuit court where Ross was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, Ross must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Ross must also comply with a one-year filing deadline to file a habeas petition with this Court following exhaustion of his claims. *See* 28 U.S.C. § 2244(d).[2] Ross is forewarned that the

---

[2] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Ross has to seek federal habeas corpus review.

Ross may yet exhaust his claims in state court and return to federal court. He is well within the limitations period under the UPPA to file a post-conviction petition no later than ten years after the February 16, 2017 imposition of his sentence. Moreover, the one-year limitations period in which to file a federal habeas petition also has not yet expired as it did not begin to run until Ross's convictions "became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), which occurred on October 29, 2018, when the Supreme Court denied his petition for certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review concludes if, among other things, Supreme Court denies certiorari). If Ross files a post-conviction petition in state court within one year of October 19, 2018, the one-year period to file a § 2254 habeas petition in federal court will be tolled (*i.e.*, paused) so long as the post-conviction petition is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other

---

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Given these constraints, the instant petition will be dismissed without prejudice to provide Ross adequate time and notice to comply with both the exhaustion and filing deadline requirements. Ross will be sent forms and an information packet for filing a § 2254 petition if he decides to do so after he exhausts his remedies in state court.

### Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Ross fails to meet this standard and a Certificate of Appealability shall not issue.

### Conclusion

For the foregoing reasons, the Petition is DISMISSED without prejudice and Ross's Motion for Grant of Relief (ECF No. 8) is DENIED. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Dated this 22nd day of April, 2019.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge